UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FLOYD CARR, )<br>)<br>        **Petitioner** )<br>)<br>        v. )<br>)<br>CECIL DAVIS, )<br>)<br>        **Respondent** ) | No. 3:05cv0062 AS |

*MEMORANDUM OPINION AND ORDER*

On or about January 28, 2005, *pro se* petitioner, Floyd Carr, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on June 16, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The state court record in a total of five volumes has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293 (1963). As indicated below, there are a number of items that need very close attention. The petitioner filed an unverified and extensive 39-page Traverse on August 31, 2005. Such is in excellent judicial form which is greatly appreciated here. The court will deal with the merits as things progress here.

This petitioner was convicted in Lake County, Indiana in the Lake Superior Court of a murder that occurred almost exactly six years ago on September 1, 1999. There was a direct appeal to the Supreme Court of Indiana, and in a brief published unanimous opinion,

*see Carr v. State*, 749 N.E. 2d 1153 (Ind. 2001). From a facial examination of the brief opinion of the Supreme Court of Indiana, the principal and perhaps only issue raised in it had to do with sufficiency of evidence. The matter returned to the Lake County Superior Court where a motion for post-conviction relief under Indiana state law. That petition was amended and heard by the aforesaid state court in October 2003. It was denied with written findings of fact and conclusions of law in <u>all</u> respects January 16, 2004. That denial was appealed to the Court of Appeals of Indiana, and that court, in an unpublished memorandum decision dated October 21, 2004 affirmed the denial of the petition for post-conviction relief. See Appendix "A" attached hereto. Certainly the petition for post-conviction relief as reflected in the memorandum decision of the Court of Appeals of Indiana did in fact raise issues of effective assistance of counsel, both trial and appellate counsel, invoking, among other authorities, *Strickland v. Washington*, 466 U.S. 668 (1984). In the transcript of the post-conviction hearing in state court, this petitioner had a very extensive go at his trial counsel. The explanations by the trial counsel, even in that context, with regard to her decisions and tactics appear altogether reasonable. Judge Riley of the Court of Appeals of Indiana stated for a panel of that court, "we conclude that Carr has offered no evidence, let alone 'strong and convincing evidence,' to overcome the presumption that his trial counsel's performance was effective ... . Accordingly Carr's claim for ineffective assistance of trial counsel must fail."

In regard to appellate counsel, it was further said, "thus, we conclude that Carr has not

met his burden of showing that his appellate counsel was deficient in his performance and the deficiency resulted in prejudice ... . We find that Carr did not receive ineffective assistance of appellate counsel."

The judge and magistrate of the Lake Superior Court, Criminal Division, certainly had credibility decisions which are implicit in the findings and which should not be gainsaid here. This court has taken the trouble to look at the transcript of proceedings in that state trial court on October 20 and 23, 2003. This petitioner also testified in his own behalf at this jury trial but not in the post-conviction proceedings. The findings of fact entered January 16, 2004 are attached here as Appendix B.

It appears that the only basis of the suggestion that defense counsel was using drugs first appears in an unverified statement in an appellant's brief. When this petitioner had this counsel under oath in a formal court proceeding, he wholly failed to confront her with this charge which this petitioner dwells on at great length in his filings on September 1, 2005.

It is all too apparent from a careful examination of the record in this case that the judge of the Lake Superior Court that heard the aforesaid petition clearly had some credibility decisions to work through. There is an explicit decision by the Court of Appeals of Indiana that some issues were waived by this petitioner in that court. It is also worthy of note that the Supreme Court of Indiana denied transfer on the aforesaid opinion by the Court of Appeals of Indiana on January 6, 2005. It is also highly useful to here remember that this court must presume correct the facts set forth by the state courts including the Court of

Appeals and the Supreme Court of Indiana under 28 U.S.C. §2254(e)(1). Notwithstanding the extensive nature and good form of the petitioner's presentation, he has failed to show that those decisions by the courts in Indiana were incorrect by clear and convincing evidence under 28 U.S.C. §2254(e)(1).

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

When the two decisions of the Court of Appeals and Supreme Court of Indiana are examined, and remembering that the Supreme Court of Indiana denied transfer on the Court of Appeals' decision, it must be remembered that *Early v. Packer*, 123 S.Ct. 362 (2002), and *Woodford v. Visciotti*, 123 S. Ct. 357, 360-61 (2002), both unanimous decisions entered on November 4, 2002, remain alive and well as binding precedent. It is also to be noted as a fact that the statements of fact made in the Traverse filed by this petitioner on August 31, 2005 are not in and of themselves verified. It is correct that there is reference to some evidence that was given under oath in that filed document.

Certainly it must be remembered that there must be exhaustion of available state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982), and issues must be "fairly presented" to a state court as a precondition to relief under 28 U.S.C. §2254. *See Baldwin v. Reese*, 541

4

U.S. 27, 124 S.Ct. 347 (2004). It is basic under *Baldwin* that a petitioner under §2254 may not resort to a federal court without first giving the state court full and fair opportunity to address his federal claims and correct any error of constitutional magnitude. *See Wilson v. Briley*, 243 F.3d 325 (7th Cir. 2001). These claims must also be presented to the highest court in the state under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

With regard to defaulted claims, federal review under §2254 may only obtain on the merits if the applicant establishes cause and prejudice to excuse his default or shows that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice. *See Jenkins v. Gramley*, 8 F.3d 505 (7th Cir. 1993). With regard to the two claims that were made and exhausted, namely ineffective assistance of trial counsel and ineffective assistance of appellate counsel, after hearing evidence including this petitioner and the trial counsel, the state court concluded that there was no merit to these claims. The Court of Appeals of Indiana affirmed that decision, and the Supreme Court of Indiana denied transfer. It is the conviction here that under the twin decisions unanimously decided by the Supreme Court of Indiana on November 4, 2002, and the Court of Appeals of Indiana on October 21, 2004, this record passes constitutional muster. Therefore, the request for relief under 28 U.S.C. §2254 is now **DENIED. IT IS SO ORDERED.**

DATED: September 7, 2005

S/ ALLEN SHARP, J.
_____
ALLEN SHARP, JUDGE
UNITED STATES DISTRICT COURT